# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| **MELISSA MCLERRAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 11-CV-2009-EFM-GLR |
| | ) |
| **CONSOLIDATED** | ) |
| **EDISON SOLUTIONS, INC., et al.** | ) |
| | ) |
| **Defendants,** | ) |

## PROTECTIVE ORDER

Plaintiff Melissa McLerran ("Plaintiff") brings this action alleging that Defendants Consolidated Edison Solutions, Inc. ("ConEdison Solutions") and Consolidated Edison, Inc. ("CEI") discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, and wrongfully terminated Plaintiff. Defendants deny any wrongful conduct. During the course of this litigation, the parties are likely to exchange information in response to Fed. R. Civ. P. 26 and requests for production of documents which is confidential and/or proprietary in nature, and have requested, and are expected to request, proprietary and confidential documents and information during discovery including:

- Defendants' personnel records, including the personnel files of past and present employees of Defendants who are not, and are not expected to be, parties to this action;

- Defendants' personnel and operational policies, proprietary documents, documents or information pertaining to customers, costs, or charges, or other financial documents; and

- Personal, medical, financial, educational, and employment information regarding Plaintiff.

Accordingly, and for good cause shown, the Court hereby enters the following Protective Order, the

terms and conditions of which shall govern documents and information deemed confidential by the parties and specifically identified below.

1. Any information (whether in the form of documents, interrogatory responses, deposition testimony, or other form) produced or exchanged by any of the parties to this action, or any of their attorneys, which a party believes in good faith is of a confidential nature, specifically: (a) confidential personal and/or personnel information (including information relating to compensation, benefits, performance, personnel decisions, and medical records); and (b) confidential business or strategic information, including any copy thereof (hereinafter referred to collectively as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order.  PROVIDED, however, that counsel for the party designating any information as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order.

2. All Confidential Information produced by or obtained from any other party in the course of this action, through discovery or otherwise, shall be used by the party to whom such information is produced solely for the purpose of this litigation and for no other purpose and shall not otherwise be disclosed to anyone.

3. A party may designate written material as Confidential Information by marking each page of such material that contains Confidential Information with the legend "Confidential", or the party may designate material as confidential and subject to the protective order by stating in response to a discovery request that the document is confidential and subject to the Protective Order.  Whenever it appears that Confidential Information will be revealed in a deposition taken after the date of this Order, a party may provisionally designate the material on the record at the time of its disclosure

as "Confidential" or may make such designation within a 15-day period of time following receipt of the transcript of said deposition. Upon such designation, the portion of the deposition containing Confidential Information shall be subject to the terms of this Order.

4. Confidential Information shall be produced only to counsel of record in this action and to the individually named parties to this action, all of whom have agreed to be bound and are bound by the terms of this Order.

5. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating the information as confidential, except that counsel or the parties may, without further agreement or Court order and except as provided in the preceding paragraph, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

(a) Attorneys and legal assistants of counsel's firm and to any other employees of counsel's firm who shall handle the Confidential Information under normal office procedure;

(b) Experts or consultants retained by the parties in this action;

(c) Any person who is an officer, director, or employee of any reproduction or litigation document handling service whom counsel specifically authorizes to work on this case;

(d) Any person from whom testimony is being taken, has been taken, or is reasonably expected to be taken in this action (whether in deposition or at trial), at a reasonable time before such testimony or during such testimony;

(e) The Court before which this action is pending; and

(f) Any court reporters present in their official capacity at any hearing, deposition, or other proceeding in this action.

6. Each person referred to in subparagraph 5(b) who has been shown or given access to Confidential Information, or information derived therefrom, shall, prior to receiving such information, agree to be bound by the terms of this Order.

7. Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents and information may be used, consistently with the terms of this Order, and without limitation, in pretrial discovery and at the trial or preparation for trial and any appeals of this action.

8. This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information.

9. Producing or receiving materials or otherwise complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information or a trade secret under applicable law; (b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; (c) prejudice in any way the rights of a party to seek a Court determination regarding whether particular discovery materials should be produced; or (d) prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate. Additionally, information referenced herein as potentially confidential does not waive a party's right to object to the disclosure of such information.

10. The confidentiality provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom, and any party may seek leave to reopen the case to enforce the provisions of this Order.

11. After final resolution of this action, including all appeals, within 30 days following a written request, all Confidential Information and reproductions thereof shall be returned to counsel for the party who provided the Confidential Information. The parties agree, however, to retain the right to keep any documents that were admitted as exhibits in this case, but only for the purpose of preserving a file in this matter. No provision, including this one, is binding on court personnel or members of the jury.

12. In the event either party disputes the appropriateness of the other's designation of documents as confidential pursuant to this Order then the party shall first attempt to resolve the issue with opposing counsel and then, if unsuccessful, may apply to this Court for an order declaring specific documents to be removed from the protective order and no longer treated as confidential. This Order can be modified only by written agreement of the parties or by order of this Court. Each party reserves the right to object to any party's motion or request to modify this Order.

13. If a party, through inadvertence, produces any confidential information without labeling, marking, or otherwise designating it as such in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the information produced is deemed Confidential Information and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such information as Confidential Information from the date such notice is received. Disclosure prior to the receipt of notice of such Confidential Information to persons not authorized to receive such Confidential Information shall not be deemed a violation of this Order; provided, however, that the party making such disclosure shall make all reasonable efforts to notify the other party in writing of all such unauthorized person to whom such disclosure was made. The party who inadvertently disclosed the Confidential Information shall

attempt in good faith to retrieve and protect such inadvertently produced Protected Information.

    IT IS SO ORDERED.

    Dated this 15th day of August, 2011.


                                                      S/ Gerald L. Rushfelt
                                                      Gerald L. Rushfelt
                                                      U.S. Magistrate Judge